JUDGE ENGELMAYER

15 CV 02933

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY PAPETTI, on behalf of himself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| RAWLINGS FINANCIAL SERVICES, LLC; and JOHN DOES 1-25. | |
| Defendant(s). | |

RECEIVED
APR 15 2015
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Anthony Papetti on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, Rawlings Financial Services, LLC., (hereinafter "RFS"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

JUDGE ENGELMAYER

15 CV 02933

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY PAPETTI, on behalf of himself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| RAWLINGS FINANCIAL SERVICES, LLC; and JOHN DOES 1-25. | |
| Defendant(s). | |

RECEIVED
APR 15 2015
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Anthony Papetti on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, Rawlings Financial Services, LLC., (hereinafter "RFS"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in Section 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of New York, County of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Defendant, RFS is a limited liability company with it business located at 1 Eden Parkway, LaGrange, Kentucky 40031-2020.

8.      Upon information and belief, Defendant RFS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      Defendant RFS is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.     John Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their

successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a statewide class action. The Class consists of:

- All New York consumers who were sent letters and/or notices from RFS, attempting to collect a debt, which contain at least one the violations alleged herein.

- The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A and Exhibit B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.    Whether Defendant violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, Class

members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.     RFS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16.     RFS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. On or about November 9, 2014, Plaintiff had his prescription filled at Duane Reade Pharmacy.

18. On or about November 24, 2014, Plaintiff had a second prescription filled at Duane Reade Pharmacy.

19. On the date each prescription was filled, Plaintiff was covered by Horizon Blue Cross Blue Shield of New Jersey.

20. For some reason unknown to Plaintiff, Duane Reade Pharmacy submitted the claim to Oxford.

21. For some reason unknown to Plaintiff, Oxford paid the claim submitted by Duane Reade Pharmacy, directed to Duane Reade Pharmacy.

22. At the time Oxford paid the claim submitted by Duane Reade Pharmacy, Oxford knew or could have reasonable known that Plaintiff was not insured by Oxford.

23.    Sometime prior to February 6, 2015 Plaintiff allegedly incurred a financial obligation to Oxford.

24.    Sometime prior to February 6, 2015, the alleged Oxford obligation became due.

25.    Oxford is a "creditor" as defined by 15. U.S.C. §1692a(4).

26.    At sometime prior to February 6, 2015, Oxford, either directly or through intermediate transactions assigned, placed with, transferred or the Oxford obligation to RFS for the purpose of collection.

27.    At the time the Oxford obligation was assigned, placed with, transferred to RFS, such obligation was overdue.

28.    On or about February 6, 2015, RFS caused to be delivered to Plaintiff a letter in an attempt to collect the alleged Oxford obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

29.    The February 6, 2015 letter was sent or caused to be sent by persons employed by RFS as a "debt collector" as defined by 15 U.S.C. §1692a(6).

30.    The February 6, 2015 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

31.    The February 6, 2015 letter stated at the top in large bold face:

**AUDIT NOTICE - ACCOUNT OVERDUE**

32.    The February 6, 2015 letter also states in the first paragraph, also in bold face: "Since you were note eligible for prescription plan benefits on these fill dates, **"Oxford is due full reimbursement of the amounts paid."**

33.    As of February 6, 2015, no court has determined that, Oxford is due full reimbursement of the amounts paid.

34.    The February 6, 2015 letter provided instructions to follow in the event Plaintiff disputed the alleged debt because he believed there was a billing error, and was coverage by another health plan.

35.    Such instructions stated:

**Method #1 - Contact the pharmacy that filled the prescription to correct the billing:**

- Notify your pharmacist of this billing error and request to have the claims reversed to Oxford and billed to the insurance carrier that provided coverage on these dates of fill.

- Obtain a printout from the pharmacy indicating the claims were reversed, and return this with the payment stub below and write "billing corrected by pharmacy" on the payment stub.

**Method # 2- Make payment to Oxford using the payment stub below and submit the claims to your new insurance carrier for reimbursement:**

- Contact your new insurance carrier that should have paid for these prescription claims and obtain a member reimbursement prescription claim form.  Submit these claims to your new carrier for reimbursement.

36.    The February 6, 2015 letter stated near the bottom and above the payment coupon the following:

<strong>SEE REVERSE SIDE FOR IMPORTANT INFORMATION</strong>

37.    The reverse side of the February 6, 2015 letter was blank.

38.    On a separate document enclosed in the same envelope as the February 6, 2015 letter the following additional instructions were contained:

Unless you dispute the validity of this debt, or any portion thereof, within 30 days after receipt of this notice, we will assume that this debt is valid.  If you notify us in writing, within this 30-day period, that the debt or any portion thereof is disputed, we will obtain written  verification of the debt or a copy of a judgment against you, if any, and a copy of such judgment or verification will be mailed to you.  In addition, upon your written request within the 30-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. **Exhibit B**.

39.     Upon receipt of the February 6, 2015, letter, Plaintiff read said letter and the document attached as **Exhibit B**.

40.     RFS contends that the alleged Oxford obligation is overdue.

41.     The Oxford obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

## POLICIES AND PRACTICES COMPLAINED OF

42.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A** and **Exhibit B,** which violate the FDCPA, by *inter alia*:

    (a)     Using false representations or deceptive means to collect or attempt to collect the debt;

    (b)     Failing to effectively provide the validation information pursuant to 15 U.S.C. §1692g(a)(3).

43.     On information and belief, RFS sent a written communication, in the form annexed hereto as **Exhibit A** and/or **Exhibit B**, to at least 50 natural persons in the State of New York.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT**
<u>**VIOLATION OF 15 U.S.C. §1692g(a)(3)**</u>

44.     Plaintiff repeats the allegations contained in paragraphs 1 through 44 as if the same were set forth at length.

45.     Collection letters and/or notices such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46.     Section 1692g(a) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing:

> a statement that unless the consumer, within thirty
> days after receipt of the notice, disputes the validity
> of the debt, or any portion thereof, the debt will be
> assumed to be valid by the debt collector.

47.     Upon reading the February 6, 2015 letter and the document included in the same envelope, annexed hereto as **<u>Exhibit B</u>**, the least sophisticated consumer would be confused as to what he must do to effectively dispute the alleged debt.

48.     The least sophisticated consumer, who wanted to dispute the alleged debt or any portion thereof,  would be confused and unsure as to whether he should choose Method #1, as stated in the letter February 6, 2015 letter, or Method #2, as also stated in the February 6, 2015 letter, or the instructions on the separate document also included in the same envelope as the February 6, 2015 letter, or whether he was required to follow all 3 methods.

49.     The instructional language in the February 6, 2015 letter overshadows and stands in sharp contrast to validation notice pursuant to 15 U.S.C. §1692g(a)(3).

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e et seq.

50.     Plaintiff repeats the allegations contained in paragraphs 1 through 50 as if the same were set forth at length.

51.     15 U.S.C. §1692e prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection of any debt."

52.     Defendant violated 15 U.S.C. §1692e,  because the least sophisticated consumer, who wished to dispute the alleged debt or any portion thereof,  would be confused and unsure as to whether he should choose Method #1, as stated in the letter February 6, 2015 letter, or Method #2, as also stated in the February 6, 2015 letter, or the instructions on the separate document also included in the same envelope as the February 6, 2015 letter, or whether he was required to follow all 3 methods.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant on each count as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney, Joseph K. Jones, Esq. and Benjamin J. Wolf, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Pre-judgment interest;

(e)     Post judgment interest; and

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: New York, NY
      April 14, 2015

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)
Law Offices of Joseph K. Jones, LLC
555 Fifth Avenue, Suite 1700
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf (BW-3338)
Law Offices of Joseph K. Jones, LLC
555 Fifth Avenue, Suite 1700
New York, NY 10017
(646) 459-797 telephone
(646) 459-7973 facsimile
bwolf@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)

*/s/ Benjamin J. Wolf*
Benjamin J. Wolf (BW-3338)

# Exhibit

# A

# Rawlings Financial Services LLC

PHARMACY DIVISION

POST OFFICE BOX 2020
LAGRANGE, KENTUCKY 40031-2020

## AUDIT NOTICE – ACCOUNT OVERDUE

February 6, 2015

Anthony Papetti



Amount Due:        $ 696.62
Termination Date:  10/02/2014
Reference Number:  ██████48

Dear Anthony Papetti,

You were previously notified that an audit of paid claims identified that your prescription drug card was used for benefits after your coverage ended with Oxford. **Since you were not eligible for prescription plan benefits on these fill dates, Oxford is due full reimbursement of the amounts paid.** As of this letter date we have not yet received payment.

If you were insured by another health plan on these dates of fill, we suggest you use one of the following methods to correct this billing error or obtain reimbursement. We have provided the prescription claim information on the reverse side of this notice to assist you.

### Method #1 - Contact the pharmacy that filled the prescription to correct the billing:

- Notify your pharmacist of this billing error and request to have the claims reversed to Oxford and billed to the insurance carrier that provided coverage on these dates of fill.
- Obtain a printout from the pharmacy indicating the claims were reversed, and return this with the payment stub below and write "billing corrected by pharmacy" on the payment stub.

### Method #2 – Make payment to Oxford using the payment stub below and submit the claims to your new insurance carrier for reimbursement:

- Contact your new insurance carrier that should have paid for these prescription claims and obtain a member reimbursement prescription claim form. Submit these claims to your new carrier for reimbursement.

If you did not have health insurance coverage during these dates of fill, Oxford has also asked Rawlings to process reimbursements due. Please contact Rawlings at 1-877-426-4185, Monday – Friday between 8:00 a.m. and 6:00 p.m. (Eastern Time) to discuss the payment options available to you. Thank you for your prompt attention to this matter.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**
------------------------------------ DETACH HERE AND RETURN WITH PAYMENT ------------------------------------
**CREDIT CARD PAYMENTS ACCEPTED – CALL 1-877-426-4185**

**Amount Due:**        $ 696.62
**Reference Number:**  ██████48

February 6, 2015

Anthony Papetti



**Oxford**
**c/o Rawlings Financial Services LLC**
**P.O. Box 2020**
**LaGrange, KY 40031-2020**

P

# Exhibit

# B

Unless you dispute the validity of this debt, or any portion thereof, within 30 days after receipt of this notice, we will assume that this debt is valid.  If you notify us in writing, within this 30-day period, that the debt or any portion thereof is disputed, we will obtain written verification of the debt or a copy of a judgment against you, if any, and a copy of such judgment or verification will be mailed to you.  In addition, upon your written request within the 30-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

**New York City Department of Consumer Affairs License #1160907**

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.  ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

### Prescriptions Filled After Coverage Termination

| Fill Date | Pharmacy ID | Pharmacy Name | Rx Number | Drug Code | Qty | Days Supply | Amount Paid |
|---|---|---|---|---|---|---|---|
| 11/09/2014 | 3328677 | DUANE READE #0168 | ███████ | ███████ | ██ | ██ | 154.17 |
| 11/24/2014 | 3353101 | DUANE READE #0151 | ███████ | ██████ | █ | █ | 542.45 |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  | TOTAL AMOUNT DUE: | $ 696.62 |